```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


ILLINOIS CENTRAL RAILROAD              CIVIL ACTION
COMPANY

VERSUS                                 NO: 04-432
                                       C/W 04-2582

JP TRUCKING, ET AL                     SECTION: "J"(5)
```

## ORDER AND REASONS

Before the Court is the **Motion for New Trial and/or for Reconsideration of Southern Wood's Motion for Summary Judgment**. Rec. Doc. 182.  Illinois Central opposes the motion.  The motion is before the Court on briefs without oral argument.

In its motion, Southern Wood suggests that it is entitled to dismissal because the only possible basis for its liability – failure to maintain the crossing by allowing vegetation to become overgrown – is dissolved in light of a recently produced contract.  Specifically, it points to a Vegetation Management Service Contract between RWC, Inc. and Canadian Railway Company,[1]

---

[1] Plaintiff Illinois Central Railroad does business as Canadian National Railroad Company.

produced after the August 17 hearing on motions, and argues that the contract substantiates the contention that Southern Wood can have no liability because the duty to maintain the vegetation rested entirely with CN/ICRR.

The flaw in this argument is that it presupposes that simply because CN/ICRR assumed a duty to maintain the crossing and contracted to do so, that Southern Wood could not have had a duty to maintain the crossing, too.  In fact, deposition testimony of Southern Wood's owner, Sterling Smith, reflects that Southern Wood also assumed the duty of controlling vegetation so it wouldn't obstruct the view of the trucks coming and going from the woodyard.  Depo. of Sterling Wood, Rec. Doc. 134, Exh. A at 7-10.  This testimony indicates that notwithstanding the recently produced contract, at a minimum, there is a fact issue as to what Southern Wood's duty was with respect to vegetation maintenance. Accordingly, summary judgment is precluded, and the motion for new trial/reconsideration must be denied.

The Court also notes that the Minute Entry following the hearings held on August 17, 2005 reflects that the Court took under advisement Southern Wood's **Motion in Limine to Exclude Evidence of Prior Accidents**, etc. (Rec. Doc. 119).  As a point of clarification, the Court finds that the motion should be granted, to the extent that no evidence or comments concerning these issues are to be introduced at trial unless and until a sidebar

is held outside of the jury's presence.  Accordingly,

**IT IS ORDERED** that the **Motion for New Trial and/or for Reconsideration of Southern Wood's Motion for Summary Judgment**, Rec. Doc. 182, should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Southern Wood's **Motion in Limine to Exclude Evidence of Prior Accidents**, etc., Rec. Doc. 119, is **GRANTED** as set forth above.

New Orleans, Louisiana, this <u>10th</u> day of November, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE